**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4612-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TYSHAUN L. DAWSON, a/k/a
TYSHUN L. DAWSON,

    Defendant-Appellant.

_____

          Submitted November 14, 2018 – Decided December 19, 2018

          Before Judges Hoffman and Firko.

          On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment Nos. 15-08-1439 and 15-12-2204.

          Joseph E. Krakora, Public Defender, attorney for appellant (Marcia H. Blum, Assistant Deputy Public Defender, of counsel and on the brief).

          Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After denial of his motion to suppress, defendant Tyshaun L. Dawson entered a guilty plea to two of the offenses charged in a multi-count indictment: third-degree possession of a Controlled Dangerous Substance (CDS) with intent to distribute, N.J.S.A. 2C:35-5(b)(3); and second-degree possession of a firearm in the course of committing a drug offense, N.J.S.A. 2C:39-4.1(a). Prior to sentencing, defendant filed a motion to reopen the suppression hearing on the grounds of new evidence in the form of a notarized statement prepared by Andre Delaney. The motion to reopen was denied. On March 13, 2017, pursuant to the plea agreement, defendant was sentenced to an aggregate fourteen years of imprisonment, subject to forty-eight months of parole ineligibility, that also encompassed an additional three indictments defendant previously pled guilty to, plus fines and penalties.[1] Defendant appeals from the September 20, 2016 order denying his motion to suppress evidence. For the reasons that follow, we affirm.

---

[1] The record reflects that by consent of the parties, defendant's Judgment of Conviction was amended to correct his custodial term to fourteen years instead of fifteen years.

A-4612-16T2

## I.

We recite the facts presented during the suppression hearing. Testimony was provided by one of the arresting officers, Fil James Lao. At approximately 5:40 p.m. on April 8, 2015, plain clothes Officers Lao and Thomas Gogan were patrolling Third Avenue in Asbury Park and observed a white van pull into the parking lot of defendant's apartment building. According to Lao's testimony, this apartment building was known to have "numerous activities pertaining to trespassing, [and] drug distribution." After the officers observed the van's passenger enter the apartment building and return a few minutes later, and, in light of "information" that this was a "heavy, heavy narcotics area," he decided to conduct surveillance. Based upon his training and experience, Lao testified that he believed the van's passenger "just purchased CDS from that building." The officers approached the van. Lao observed Delaney, the van's passenger – and someone familiar to Lao – break off a piece of crack cocaine and pass it to the driver, Sixto Soto. In "plain view[,]" Lao also saw Delaney holding marijuana and heroin. After opening the van's passenger door, Delaney handed the crack cocaine to Lao.

A-4612-16T2

While awaiting police back up, Delaney whispered to Lao that he purchased the drugs from defendant in apartment B-7, and Lao told Delaney "not to say anything, until [he] read him his Miranda."[2]

After confirming with his supervisor and colleagues, Lao testified that further investigation was deemed warranted and Lao, Gogan, and two other officers knocked on defendant's apartment door. After readily responding, defendant was advised by Lao that the officers had information that narcotics activities were taking place in defendant's apartment. Although Lao testified that defendant appeared "surprised" and denied having "any drugs," he "invited" them into his apartment. According to Lao's testimony, defendant consented to a search of his apartment verbally, and in writing, by signing a "Consent to Search" form. Lao "reiterated" to defendant that he could "stop the search at any time." After defendant "escorted" the officers to a bedroom, a semi-automatic handgun, ammunition, magazines, marijuana, drug paraphernalia, and approximately $2000 in cash were found. These items became the subject of the motion to suppress.

Defendant disputed Lao's testimony, claiming he did not consent to the search, and told them to leave. In response to requestioning, defendant testified

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

that the officers informed him that if he did not consent to a search, they could obtain a search warrant. He also explained that he signed the form after the officers threatened to arrest his live-in girlfriend. Notably, defendant had an outstanding warrant for his arrest at the time.

The judge found that Delaney's statement to police, about buying drugs from defendant in apartment B-7, was voluntarily made. In rejecting defendant's claims, the judge also found that defendant "invited the officers into his home, and thereafter made a voluntary decision to provide [them] with a completed Consent to Search form." Defendant then filed a motion for reconsideration on the grounds of newly discovered evidence after obtaining an affidavit from Delaney, who did not testify at the suppression hearing. Delaney's affidavit stated that he did not buy drugs from defendant; he denied telling Lao that he did; and he never disclosed the source of the drugs in his possession.

Delaney's whereabouts were not made known by the State, according to defendant, and therefore, Delaney could not be called to testify. In point of fact, Delaney was incarcerated in the same county jail as defendant at the time the suppression hearing was held. The record reflects that Delaney's arrest report was in defendant's possession at the time of the hearing confirming this. Because the judge found no "precedent for the reopening of a suppression

hearing," an "appeal" was the "only viable avenue to seek the relief that is sought," . . . . "[U]nder the[se] circumstances[,]" he denied the motion.

II.

On appeal, defendant presents the following arguments for our consideration:

> THE TRIAL COURT'S REFUSAL TO RECONSIDER ITS SUPPRESSION RULING IN LIGHT OF THE NEWLY DISCOVERED EVIDENCE WAS BASED ON ERRORS OF LAW AND FACT AND VIOLATED DEFENDANT'S CONSTITUTIONAL PROTECTION AGAINST UNREASONABLE SEARCH AND SEIZURE AND RIGHTS TO DUE PROCESS AND A FAIR TRIAL.
>
> The Court Was Mistaken on the Law.
>
> The Court Was Mistaken on the Facts.

In reviewing a denial of a motion to suppress on appeal, we "must uphold the factual findings underlying the trial court's decision so long as" there is sufficient and credible record support. State v. Elders, 192 N.J. 224, 243 (2007). "[A]n appellate court should not disturb the trial court's findings merely because 'it might have reached a different conclusion were it the trial tribunal.'" State v. Thompson, 244 N.J. 324, 345 (2016) (quoting Elders, 192 N.J. at 244). The trial court's legal conclusions, however, are not entitled to the same deference –

"appellate review of legal determinations is plenary." State v. Handy, 206 N.J. 39, 45 (2011).

Under both the federal and state constitutions, a warrantless search is presumptively invalid unless it "falls within one of the few well-delineated exceptions to the warrant requirement." State v. Pineiro, 181 N.J. 13, 19 (2004) (quoting State v. Maryland, 167 N.J. 471, 482 (2001)).

A reviewing court must determine whether the State has met its burden, by a preponderance of the evidence, to establish the warrantless search or seizure was justified in light of the totality of the circumstances. See Illinois v. Gates, 462 U.S. 213, 238 (1983).

The judge rendered an oral decision immediately following argument by counsel on the motion for reconsideration, and mistakenly referred to defendant as "Delaney" instead of "Dawson." Closing arguments were also heard by the judge that clarified the mistaken reference to Delaney. Counsel did not object or attempt to correct the record. Clearly, the judge simply misspoke. The record reflects that the judge "reviewed the letter memorandum submitted by [defense counsel] in support of her application to reopen the suppression hearing." After considering the totality of the facts, and in denying the motion to reopen the suppression hearing, the judge emphasized that defendant's credibility was not

the sole basis of the court's decision. Thus, we find no merit to defendant's argument as to the judge's incorrect reference to defendant because no confusion as to defendant's true identity has been proven, no mistakes of fact have been shown, and there is no reversible error.

Equally unavailing is defendant's contention that the judge erred as a matter of law because the judge failed to appreciate his authority to reopen the suppression hearing. Defendant failed to present a compelling reason for the court to do so because defendant was aware of Delaney's involvement in the events leading to his own arrest, and both of them were incarcerated in the same county jail. Thus, defendant's contention that he was somehow prejudiced lacks any merit. Nothing has been provided by defendant to disturb the credibility assessments and findings of the judge at the suppression hearing, or his determination that Lao was more credible than defendant.

After examining the record and briefs, we conclude that defendant's remaining arguments lack merit and do not warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4612-16T2